JUDGE KOELTL

13 CV 0499

S:\FILES\5715_BEAVER_STREET_FISHERIES\LEGAL+DISCOVERY\COMPLAINT_DRAFT_1.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Nathan T. Williams
75 Maiden Lane, Suite 402
New York, New York 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiff

JAN 2 3 2013

U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, |  |
| Plaintiff, | 13 Civ.  (   ) |
| - v. - |  |
| MATHU BHUM,<br>her engines, tackle, etc., _in rem_, | COMPLAINT |
| -and- |  |
| AMERICAN PRESIDENT LINES, LTD., _in personam_, |  |
| Defendants. |  |

---

Plaintiff, American Home Assurance Company ("AHAC"), through its attorneys, Kennedy Lillis Schmidt & English, alleges upon information and belief as follows:

FIRST:  All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall

within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

SECOND:  At all relevant times, AHAC has had the legal status and principal office and place of business stated in Schedule A, annexed hereto and by this reference made part hereof.

THIRD:  At all relevant times, American President Lines, Ltd. ("APL") has had the legal status and office and place of business stated in Schedule A and has been engaged in business as common carrier of merchandise by water for hire and owned, operated, managed, chartered and/or otherwise controlled the captioned vessel.

FOURTH:  At all relevant times, the captioned vessel has been a general ship employed in the common carriage of merchandise by water for hire and is or will be, during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

FIFTH: On or about the date and at the port of shipment stated in Schedule A, the shipper recited therein delivered to APL and the captioned vessel, as common carriers, the shipment described in Schedule A, then being in good order and condition, and APL and the captioned vessel then and there accepted said shipment so shipped and delivered to them, and in consideration

2

of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them to the consignee recited in Schedule A.

SIXTH:  Thereafter, the said vessel arrived at the port of destination where it and APL delivered the shipment described in Schedule A in damaged condition in violation of APL's and the captioned vessel's obligations and duties as common carriers of merchandise by water for hire.

SEVENTH:  AHAC is the subrogated underwriter of the shipper, consignee, or owner of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and AHAC is entitled to maintain this action.

EIGHTH:  By reason of the premises, AHAC has sustained damages of $22,506.69, as nearly as can now be estimated, no part of which has been paid although duly demanded.

WHEREFORE, AHAC prays:

1.   That process in due form of law issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.   That if Defendants cannot be found within this District, then all their property within this District be attached in the sum of $22,506.69, with interest thereon and costs, the sum sued for in this complaint;

3.   That judgment be entered in favor of AHAC against Defendants for the amount of AHAC's damages, together with interest and costs and the disbursements of this action;

4.   That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against the captioned vessels, their engines, tackle, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of AHAC for its damages, with interest, costs and disbursements, and that the captioned vessel may be condemned and sold to pay therefor; and

5.   That this Court grant AHAC such other and further relief as may be just and proper.

4

Dated:   New York, New York          KENNEDY LILLIS SCHMIDT & ENGLISH
         January 20, 2013            Attorneys for Plaintiff

                                     By:_____
                                         Nathan T. Williams
                                         75 Maiden Lane, Suite 402
                                         New York, New York  10038-4816
                                         Telephone:  212-430-0800

S:\FILES\5715_BEAVER_STREET_FISHERIES\LEGAL+DISCOVERY\SCHEDULEA_FINAL.DOC

## SCHEDULE A

### THE PARTIES

PLAINTIFF'S LEGAL STATUS

   Plaintiff, American Home Assurance Company, is a corporation or other business entity organized and existing under, and by virtue of, the laws of State of New York with an office for the transaction of business at 175 Water Street New York, New York 10038-4969.

DEFENDANT APL'S LEGAL STATUS

   Defendant, American President Lines, Ltd., is a corporation or other business entity organized and existing under, and by virtue of, the laws of Singapore with an office for the transaction of business at 1085 Morris Avenue, Suite 200, Union, New Jersey, USA 07083.

DEFENDANT VESSEL'S LEGAL STATUS

   Defendant, M/V MATHU BHUM was a carrying vessel of a cargo set forth in, and pursuant to, a contract of carriage as described below; at all relevant times, the said vessel was operated by RCL Ship Management Pte. Ltd. Which has an office for the transaction of business at 11 Keppel Road Singapore 089057.

1

## PARTICULARS OF CLAIM

Vessel:  MATHU BHUM

Voyage:  Hochiminh, Vietnam to Jacksonville, Florida

Port of Loading:  Hochiminh

Port of Discharge:  Jacksonville

Bill of Lading: APLU 074654507

Shipper:  Cadovimex II Seafood Import-Export and Processing Joint Stock Co.

Consignee: Oceanwide Seafood, LLC.

Cargo:  Swai Fillets (Fish)

Nature of Loss:   Temperature Excursion Causing Deterioration

Amount of Loss:  $22,506.69

Kennedy Lillis Schmidt & English Reference:  5715